967 So.2d 1008 (2007)
James E. SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 1D07-3535.
District Court of Appeal of Florida, First District.
October 30, 2007.
James E. Smith, pro se, Appellant.
Bill McCollum, Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Having considered appellant's response to this Court's order dated September 18, 2007, we dismiss this appeal for lack of jurisdiction.
On November 11, 2005, appellant filed a motion to correct illegal sentence. The trial court denied the motion on September 25, 2006, and appellant filed a motion for rehearing on October 6, 2006. The trial court denied appellant's motion for rehearing on April 4, 2007. On June 7, 2007, appellant filed a "Motion for Reconsideration of Defendants Motion for Rehearing." The trial court denied the motion on June 7, 2007, and, on July 3, 2007, the appellant filed a notice of appeal. The notice of appeal is untimely. Appellant's "Motion For Reconsideration Of Defendant's Motion For Rehearing," is an unauthorized motion for rehearing and does not delay rendition of the trial court's order of September 27, 2006. See Fla. R.App. P. 9.020(h); Morris v. State, 630 So.2d 232 (Fla. 3d DCA 1994). As such, appellant's notice of appeal should have been filed within thirty days of the trial court's denial of appellant's timely motion for rehearing, filed on October 6, 2006. Fla. R.App. P. 9.140. Because the notice of appeal was filed more than 30 days after rendition of the order and the unauthorized motion for reconsideration did not delay rendition, this Court is without appellate jurisdiction. See Fla. R.App. P. 9.110(b). Any remedy for the trial court's failure to inform appellant of his appellate rights with regard to the denial of his rule 3.800(a) motion *1009 should be sought by way of petition for belated appeal.
DISMISSED.
ALLEN, VAN NORTWICK, and ROBERTS, JJ., concur.